IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Edward Chestnut, #13465-171, | ) C/A No.: 4:12-1106-RBH-SVH |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Van N. Benson; Cheryl L. Townsend, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina. Plaintiff proceeds under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging constitutional violations.[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

---

[1] *Bivens* establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

I.    Factual and Procedural Background

Plaintiff alleges defendants Van N. Benson and Cheryl L. Townsend ("Defendants"), both U.S. Probation officers, filed a presentence report that incorrectly contained a career-offender enhancement.  [Entry #1 at 3].  Plaintiff alleges that he informed Defendants of the discrepancy, but that they failed to make the necessary correction, and that the incorrect presentence report resulted in a longer sentence.  *Id.* Plaintiff seeks a corrected report[2] and monetary damages.[3]  *Id.* at 5.

II.   Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity may be made where the

_____

[2] While Plaintiff does not explicitly ask this court to grant him a new sentence, he states that he believes that if his report was corrected, he "could possibly benefit from a reduction of sentence, and could possibly be released from prison."  [Entry #1 at 4].

[3] Plaintiff's complaint seeks monetary damages for alleged violations of his constitutional rights and was therefore classified by the Clerk of Court as brought pursuant to *Bivens*.  However, to the extent Plaintiff seeks to have his sentence overturned, he must bring a petition for a writ of habeas corpus as set forth herein.

complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.      Analysis

Plaintiff's complaints about matters relating to the sentencing in his criminal action are subject to summary dismissal because no right of action has accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a complaint for damages under § 1983 must be dismissed if a judgment in the plaintiff's favor would

necessarily imply the invalidity of his underlying conviction or sentence. *Id.* Specifically, the Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87 (footnote omitted). The *Heck* holding is applicable in § 1983 actions against state officials and in *Bivens* actions against federal officials. *See Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 601–02 (D.S.C. 2001) (collecting cases). The complaint provides no facts to demonstrate that Plaintiff's conviction or sentence has been previously overturned. Therefore, *Heck* bars Plaintiff's claim that Defendants' alleged mistakes led to an incorrect sentence, and his claim for damages must be dismissed.

In addition to his plea for damages, Plaintiff asks this court to "[d]irect both defendants . . . to correct my Sentence Reduction Report, etc. regarding my status as a career offender." [Entry #1 at 5]. This is an attempt to alter the length of his sentence, which is not available relief in this civil rights action. *See Heck*, 512 U.S. at 481 (stating

that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

Additionally, both Defendants enjoy absolute immunity from a suit related to the preparation of a presentence report. *Dorman v. Higgins*, 821 F.2d 133, 136–37 (2nd Cir. 1987) (preparing a presentence report is a quasi-judicial function for which probation officers enjoy absolute immunity as "arm[s] of the court").

III.    Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 11, 2012                                        Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).